UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLON K. JACKSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-5707** |
| **KATHRYN TOWING, INC., ET AL** | **SECTION: "S" (2)** |

### ORDER AND REASONS

The motion for summary judgment (Doc. # 60) on behalf of Cargill Marine & Terminal f/k/a Cargo Carriers ("Cargill") is **DENIED**.

### BACKGROUND

This seaman's case is being brought under the Jones Act and general maritime law.

On July 24, 2005, plaintiff Marlon K. Jackson, Jr., a deckhand, was injured while in navigable waters and aboard the M/V ST. PAUL, a tugboat owned, operated, and controlled by defendant, Kathryn Rae Towing, Inc. ("Kathryn") and defendant LSK Towing, Inc. ("LSK"). Plaintiff was employed by Kathryn as a deckhand and a member of the crew.

Plaintiff was instructed by the captain to tie off barges, which necessitated plaintiff to locate and carry two 35 foot fleet wires from Cargill's "wire barge" that was moored adjacent to M/V ST. PAUL. The wire barge was supplied pursuant to a contract between LSK and Cargill. Though

obtaining wire coils from the wire barge was a task normally for two deckhands, according to plaintiff's testimony, he did it by himself because the other deckhand was not available.

Plaintiff transferred the first wire coil onto the M/V ST. PAUL without incident. Plaintiff successfully picked up the second coil from the Cargill barge and carried it to the M/V ST. PAUL. According to the plaintiff, it was then that the coil of wire unraveled, hit an H-bit, and caused plaintiff to fall.

At the time of the accident, Cargill was working under contract with LSK to provide rigging. Plaintiff alleges that Cargill was responsible for providing properly bundled standard 35 foot wires and/or cables that were loaded on a "wire barge" to be later transferred to LSK barges. Plaintiff claims that Cargill failed to bundle properly the wires and failed to provide LSK with nondefective wires/cables, among other things.

## ANALYSIS

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] Although the court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving

---

[1] Fed.R.Civ.P. (56); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).

party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.[2]

The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.[3] The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported motion for summary judgment.[4] Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.[5] Further, if the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to support its motion, but need only point out the absence of evidence supporting the non-movant's case.[6]

Cargill asserts that there is no evidence tending to prove that Cargill tied the wire in an unsafe manner. A resolution of that issue is not dispositive of this motion because Cargill was under a duty to provide properly bundled wires, regardless of who tied the bundles.[7] Outstanding issues of material fact preclude the granting of summary judgment. There are conflicting versions of the

---

[2] *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir.1998).

[3] *Id.*

[4] *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).

[5] *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir.1993).

[6] *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

[7] According to Cargill, the written contract between Cargill and LSK was not signed until December 1, 2005; however, it is clear that Cargill and LSK had a contractual relationship at the time of plaintiff's injury.

material facts in the Statement of Material Fact presented by Cargill, the deposition testimony, and the expert affidavit of plaintiff's expert, Borison.

The motion for summary judgment is **DENIED.**

New Orleans, Louisiana, this  13th  day of March, 2008.

                              _____
                              **MARY ANN VIAL LEMMON
                              UNITED STATES DISTRICT JUDGE**